UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Clinton Mingo,

    Plaintiff,

v.                                              Case No. 20-10705

The Fed Community d/b/a Sarjam LLC,             Sean F. Cox
                                                United States District Court Judge
    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

This employment discrimination and retaliation case is before the Court on Defendant's Motion to Dismiss. The motion has been fully briefed and the Court heard oral argument on September 3, 2020. As explained below, the Court shall DENY Defendant's motion because its statute-of-limitations challenge is prematurely raised in this Motion to Dismiss, brought under Fed. R. Civ. P. 12(b)(6). Under the circumstances presented here, this challenge must be raised at the summary judgment phase of the case.

### BACKGROUND

On March 16, 2020, Plaintiff Clinton Mingo filed this action against his former employer, Defendant The Fed Community, d/b/a Sarjam LLC, based on federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiff asks the Court to exercise supplemental jurisdiction over his state-law claims.

Plaintiff's Complaint asserts the following four counts: 1) "Harassment and Discrimination" under the Elliot-Larsen Civil Rights Act (Count I); 2) Harassment and

1

Discrimination" under Title VII (Count II); 3) "Retaliation" under the Elliot-Larsen Civil Rights Act (Count III); and 4) "Retaliation" under Title VII (Count IV). Plaintiff's Complaint contains a section that alleges as follows:

CONDITIONS PRECEDENT

11. Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with Equal Employment Opportunity Commission on May 7, 2019.

12. On December 23, 2019, the EEOC mailed Plaintiff's counsel with a Dismissal and Notice of Right to Sue against Defendant with regard to this matter. A copy of this Right to Sue letter is attached as Exhibit A.

13. Plaintiff files this action within the applicable statute of limitations.

14. All conditions precedent to this action have been satisfied and/or waived.

(Compl. at 3-4).

Attached to the Complaint, as Exhibit A, is a "Right-to-Sue" letter from the EEOC, advising that Plaintiff must file a lawsuit within 90 days. The letter has a handwritten date of "11/25/19" in the line of the form letter that states "(Date Mailed)." (ECF No. 1-1 at PageID.22). The letter indicates that the attorneys for both Defendant and Plaintiff were "cc'd." (*Id.*).

In that same Exhibit A, Plaintiff attached a copy of an envelope mailed to Plaintiff's counsel, by the EEOC, and it has a post mark date of December 23, 2019. (*Id.*).

On May 18, 2020, Defendant filed a Motion to Dismiss, brought under Fed. R. Civ. P. 12(b)(6). Defendant's motion relies on *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552 (6th Cir. 2000). In that case, the Sixth Circuit affirmed a district court's *summary judgment ruling* dismissing a Title VII complaint because the plaintiff did not timely

2

commence the suit.¹ The court noted that a civil action has to be commenced within ninety days of receiving a right-to-sue letter from the EEOC. The Sixth Circuit explained the operation of a rebuttable presumption regarding the receipt of such a letter:

> The Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff **rebuts that presumption with proof** that he or she did not *receive* notification within that period.

*Id*. at 557 (italics in original; bolding added for emphasis). The Sixth Circuit ultimately agreed with the district court that the plaintiff in that case had not timely commenced the action and also affirmed its rejection of the plaintiff's request for equitable tolling.

In its pending Motion to Dismiss, Defendant asks this Court to dismiss Plaintiff's Title VII claims as untimely, asserting that: 1) the right-to-sue letter attached to Plaintiff's Complaint lists November 25, 2019 as the date it was mailed; and 2) under *Graham-Humphreys*, there is a rebuttable presumption that notice was received five days after that date (November 30, 2019); 3) Plaintiff cannot rebut that presumption with proof; and 4) therefore Plaintiff's filing of this action on March 16, 2020 was more than two weeks after the 90-day deadline.

Plaintiff asserts that the Court should deny "Defendant's frivolous Motion to Dismiss" and argues that under *Rembisz v. Lew*, 590 F. App'x 501 (6th Cir. 2014), the timeliness issue is improperly raised in a 12(b)(6) motion to dismiss. Plaintiff also asserts that even if he had to respond with evidence to rebut the presumption that the letter was received by November 30, 2019, he has submitted evidence that could rebut the presumption – evidence suggesting a

---

¹The district court also ruled that the plaintiff was not entitled to equitable tolling.

3

delayed mailing of the letter. Although the letter attached to Plaintiff's Complaint was dated November 25, 2019 in handwriting on the letter, the envelope filed along with it shows that it was post-marked on December 23, 2019 – nearly a month later. In addition, Plaintiff asserts that he would be entitled to equitable tolling under the facts of this case.

Defendant's reply brief asserts that Plaintiff is presumed to have received the letter within five days of November 25, 2019 and that "Plaintiff has not presented any evidence to rebut this presumption. Plaintiff's complaint does not allege that Plaintiff himself never received the right-to-sue letter. Likewise, Plaintiffs' response to the present motion does not include any affidavit from Plaintiff denying receipt or affirming that he still resides at the address on record with the EEOC. In short, Plaintiff has put forth no evidence or even allegations that he never received the right-to-sue letter." (ECF No. 7 at PageID.83).

## STANDARD OF DECISION

Defendant's Motion to Dismiss, which is based on a statute-of-limitations challenge, is brought under Fed. R. Civ. P. 12(b)(6). "That rule, however, 'is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations.'" *Engleson v. Unum Life Ins. Co. of America*, 723 F.3d 611, 616 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp*, 676 F.3d 542, 547 (6th Cir. 2012)). That is because a plaintiff is not obligated to plead around an affirmative defense to state a claim. *Cataldo, supra*, at 547. "But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case," "dismissing the claim under Rule 12(b)(6) is appropriate." *Id.*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and will be granted if the plaintiffs have failed "to state a claim upon which

relief can be granted....." This Court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360 (6th Cir. 2001). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## ANALYSIS

Defendant's motion raises two issues: 1) whether Plaintiff's Title VII should be dismissed as untimely; and 2) whether the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Title VII provides that the EEOC shall notify the person aggrieved of his or her right to sue and that "[w]ithin ninety days after the giving of such notice, a civil action may be brought" against the respondent named in the charge. 42 U.S.C. § 2000e-5(f)(1). Those letters are referred to as "right-to-sue" letters.

Those right-to-sue letters are considered received when an agency delivers the notice to a claimant or the claimant's attorney, whichever occurs first. *Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016) (citing *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 92 (1990)).

When a claimant files suit after the above ninety-day period has passed, the respondent may challenge the suit as untimely.

But a claimant is not required to plead compliance with the applicable statute of limitations. *Michaelak v. LVNV Funding, LLC,* 604 F. App'x 492, 493 (6th Cir. 2015) ("[A] plaintiff has no obligation under Rule 8 to plead compliance with the statute of limitations.").

That is because a statute-of-limitations defense is an affirmative defense, on which the defendant bears the burden of proof. *Rembisz v. Lew*, 590 F. A'ppx 501, 503 (6th Cir. 2014).

As a result, statute of limitations challenges are generally not appropriately raised in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). "While statute of limitations and exhaustion issues are susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court," a "plaintiff need not respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense." *Rembisz v. Lew, supra*, at 504.

In other words, a statute of limitations challenge is "susceptible to resolution on a motion to dismiss" in cases where a "plaintiff affirmatively pleads himself out of court." *Rembisz v. Lew, supra*, at 504. For example, if a plaintiff affirmatively pleads facts in his complaint that plainly show he received his right-to-sue letter more than 90 days before he filed his suit, he would plead himself out of court and a statute-of-limitations challenge could be resolved on a motion to dismiss based on the pleadings.

Where a plaintiff does not affirmatively plead himself out of court, however, a statute of limitations challenge is prematurely raised in a motion to dismiss, as was the case in *Rembisz v. Lew*, 590 F. App'x at 504. In that case, the district court granted the defendant's motion to dismiss. The district court found that the "final agency decision was served both by first-class and certified mail on both Plaintiff and his attorney on March 15, 2103," and, citing *Graham-Humphreys,* the "district court 'deemed the decision to have been received by Plaintiff and his counsel" within five days after mailing.

The plaintiff appealed and the Sixth Circuit vacated that ruling and remanded the case. The court stated that when a "complaint alleges a date of receipt, or non-receipt, for purposes of

a Rule 12(b)(6) motion, a court must accept that allegation as true and must then deny a defendant's motion to dismiss for timeliness." *Id*. at 504.  It further explained that the statute of limitations challenge may well prevail at the summary judgment stage.[2]  But to dismiss the case on a motion to dismiss, where the plaintiff had not pleaded himself out of court in the complaint, was premature:

> Of course, if Rembisz cannot come forward with evidence at summary judgment that rebuts the presumption that the mailed notice was received by counsel by March 20, 2013—i.e., within the five day period set out in the presumption—then his case will not be long for this world. But reaching that conclusion on a motion to dismiss in which Rembisz did not plead himself out of court was premature. Rembisz alleged receipt on March 25, 2013, which would render the filing of his complaint on June 21, 2013, timely given the obligation to file within 90 days of receipt of the agency decision. The district court's dismissal order must be vacated and the case remanded for further proceedings.

*Id*. at 504.

Here, Plaintiff's Complaint alleges that the right-to-sue letter was not mailed to his counsel until December 23, 2019.   Plaintiff's Complaint does not allege the date on which either Plaintiff or his counsel received the right-to-sue letter – and he is not required to do so.  Thus, this is not one of those situations wherein a plaintiff has "pleaded himself out of court" by virtue of having pleaded facts in the complaint that plainly show the plaintiff filed suit more than ninety days after receiving a right-to-sue letter.

Like the situation in *Rembisz v. Lew*, 590 F. App'x 501, Defendant's 12(b)(6) motion to dismiss, which is based on the rebuttable presumption set forth in *Graham-Humphreys,* is premature.  Defendant's timeliness argument "jumps the gun, as presenting evidence is one of

---

[2]The Defendant did, in fact, ultimately prevail on its timeliness challenge at the summary judgment phase of the case.  *Rembisz v. Lew*, 830 F.3d at 683.

7

the obligations imposed under Rule 56, not Rule 12, of the Federal Rules of Civil Procedure." *Id*. at 504.

As such, the Court shall deny this 12(b)(6) motion to dismiss because this challenge must be raised at the summary judgment stage of this case. Given that ruling, this Court shall also deny Defendant's request for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims under Michigan's Elliot-Larsen Civil Rights Act.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: September 3, 2020